**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4371**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVON MONTREL DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00189-TDS-1)

Submitted:  September 23, 2021           Decided:  November 29, 2021

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Montrel Davis appeals the 34-month sentence imposed by the district court following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in applying a reckless endangerment enhancement under U.S. Sentencing Guidelines Manual § 3C1.2 (2018). Davis was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). This review encompasses the sentence's procedural and substantive reasonableness. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007).

"If the sentence is procedurally sound, [we] should then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). A sentence within the Guidelines range is presumptively reasonable.

*United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019). A defendant can only rebut

the presumption "by showing that the sentence is unreasonable when measured against the

18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Counsel questions whether the district court accurately calculated the applicable

total offense level and resulting Guidelines range. Our review of the record confirms that

the district court's application of a USSG § 3C1.2 enhancement for recklessly creating a

substantial risk of death or serious bodily injury while fleeing from law enforcement was

warranted. *See United States v. Dennings*, 922 F.3d 232, 237-39 (4th Cir. 2019)

(upholding application of such an enhancement where defendant ran from police while

keeping his right hand in or near his jacket pocket, which contained a loaded firearm). In

any event, because the district court stated that it would impose the same sentence even if

it had miscalculated the Guidelines range, and because we conclude that Davis' sentence

is substantively reasonable, any calculation error by the district court would be harmless.

*See United States v. Mills*, 917 F.3d 324, 330-31 (4th Cir. 2019). The district court

committed no other procedural error, and Davis' sentence is accordingly procedurally and

substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have

found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Davis, in writing, of the right to petition the

Supreme Court of the United States for further review. If Davis requests that counsel file

such a petition, but counsel believes that such a petition would be frivolous, then counsel

may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*